
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| CHANNING JONES<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION<br><br><br>　　　　　Defendant. | Civil Action No. _____<br><br>Formerly Case No. GV20002230-00 in the General District Court for Williamsburg/James City County, Virginia |

## NATIONAL RAILROAD PASSENGER CORPORATION'S NOTICE OF REMOVAL

Defendant National Railroad Passenger Corporation ("Amtrak") hereby gives notice of removal of the civil action styled *Channing Jones v. National Railroad Passenger Corporation*, Case No. GV200022330-00, from the General District Court for Williamsburg/James City County, Virginia to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a). As grounds for removal, Amtrak states as follows:

1. On or about November 30, 2020, Plaintiff Channing Jones, by and through counsel, filed a Warrant-In-Debt against Amtrak in the General District Court for Williamsburg/James City County, Virginia. A copy of the Warrant-In-Debt is attached hereto as Exhibit 1. *See* Ex. 1.

2. Upon good faith and belief, Plaintiff is now, and was at the time of the filing of this lawsuit, a resident of the Commonwealth of Virginia.

3. Amtrak is now, and was at the time of the filing of this lawsuit, a corporation with its principal place of business in the District of Columbia. Amtrak was created by the United

States Congress in 1970, pursuant to the Rail Passenger Service Act of 1970 (Pub. L. 91-518 and subsequent amendments), as a private District of Columbia corporation with its principal place of business in the District of Columbia.

4.  This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b), in that the Warrant-In-Debt involves a federal question.

5.  This action is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, *et seq.*, and more than one-half of its capital stock is owned by the United States. *See* 28 U.S.C. § 1349. Section 1349 provides as follows:

> The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is owner of more than one-half of its capital stock.

6.  This notice of removal is timely filed in accordance with 28 U.S.C. § 1446(b), which provides that a notice of removal shall be filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading. While Amtrak received a courtesy copy of the Warrant In Debt in the mail on December 3, 2020, it has not yet been served. As such, pursuant to *Murphy Bros. v. Michetti Pipe Stringing*, Amtrak's filing of this notice of removal on January 11, 2021, is within the 30 days provided for by 28 U.S.C. § 1446(b). 526 U.S. 344, 347, 119 S. Ct. 1322, 1325 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")

7.  Amtrak is the only defendant in this matter. Thus, all defendants in this case consent to removal.

8.  Pursuant to 28 U.S.C. §§ 127 and 1441(a), the United States District Court for the Eastern District of Virginia, Newport News Division, is the federal court for the district and division embracing the place where the state court action is pending.

9.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Amtrak in this action are attached hereto as Exhibit 1, although Amtrak has not yet received formal service of Plaintiff's pleading.

10. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of the filing of this notice of removal.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the General District Court for Williamsburg/James City County, Virginia. A copy of the notice is attached hereto as Exhibit 3.

12. No admission of fact, law, or liability is intended by this notice of removal, and all defenses, affirmative defenses, and motions are hereby reserved by Amtrak.

WHEREFORE, Amtrak hereby removes this action, now pending in the General District Court for Williamsburg/James City County, Virginia, to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. Amtrak respectfully requests that the General District Court for Williamsburg/James City County, Virginia proceed no further with this action.

Dated: January 11, 2021

Respectfully submitted,

/s/ Felicity A. McGrath
Felicity A. McGrath, Esq. (VSB No. #41708)
KIERNAN TREBACH, LLP
1233 20th Street, NW, Suite 800
Washington, DC 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
fmcgrath@kiernantrebach.com.com
*Counsel for National Railroad Passenger Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, a copy of the foregoing *Amtrak's Notice of Removal* was served by first-class mail, postage pre-paid, upon the following:

Seth D. Scott, Esq.
Kalfus & Nachman
870 N. Military Hwy., Ste 3200
Norfolk, VA 23502

/s/ Felicity A. McGrath
Felicity A. McGrath